IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES BELLANCA and WILLIAM BRUCE, Ohio citizens, individually and as the representatives of a class of similarly-situated persons,<br><br>    Plaintiffs,<br><br>v.<br><br>LUCKY2MEDIA, LLC d/b/a GoLookUp, a Delaware limited liability company,<br><br>    Defendant. | Case No.:<br><br>Class Action |

**CLASS ACTION COMPLAINT**

Plaintiffs, James Bellanca ("Bellanca") and William Bruce ("Bruce") (collectively, "Plaintiffs"), bring this action on behalf of themselves and all other persons similarly situated, through their attorneys, and allege the following against Defendant Lucky2Media, LLC d/b/a GoLookUp ("GoLookUp" or "Defendant"):

**NATURE OF ACTION**

1.  Plaintiffs and members of the proposed class (the "Class" or "Class Members") seek statutory damages, an injunction, and other relief from GoLookUp for violations of the Ohio Right of Publicity Statute ("ORPS"), Ohio Revised Code § 2741.01, *et seq.*, and Ohio common law.

2.  ORPS prohibits using an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance for commercial purposes without prior written consent. OH ST § 2741.02. Ohio common law also precludes the commercialization of an individual's name or likeness through the tort of misappropriation. *James v. Bob Ross Buick, Inc.*, 167 Ohio App. 3d 338, 342 (2006) (citing *Zacchini v. Scripps-Howard Broadcasting Co.*, 47 Ohio St. 2d 224,

229-30 (1976) (adopting definition of the tort of misappropriation as set forth in the Restatement of Torts 2d, Section 652C)).

3. GoLookUp provides an internet-based platform which enables its customers to not only obtain comprehensive identifying information about people through simple searches, but also allows its customers to perform a range of background checks of those same people using one of the biggest databases available. GoLookUp's database pulls information from millions of public records and aggregates it into an easy-to-read report. These reports contain such information as a person's name, address, contact information, marriage status, relatives, criminal records, and much more. To view a full report, a visitor to GoLookUp's website must either enter into a paid-for monthly subscription or a paid-for five-day trial, which converts to a monthly subscription unless canceled.

4. Plaintiffs and the Class have no relationship with GoLookUp. More importantly, Plaintiffs and the Class never provided GoLookUp with written consent to use their identity and other personal information to advertise subscriptions to its platform.

5. Despite failing to obtain written consent from Plaintiffs and the Class, GoLookUp nevertheless utilized their personal identifying information for the purpose of enticing users of its platform to enter into paid subscriptions for full access to reports generated from its database. In other words, GoLookUp used Plaintiffs' and other Class Members' names and other identifying information for commercial purposes without their written permission in violation of ORPS and Ohio common law.

6. Plaintiffs bring this Complaint seeking an order (i) declaring that GoLookUp's conduct violates ORPS and common law, (ii) requiring that GoLookUp cease the unlawful activities described herein, (iii) awarding Plaintiffs and the Class actual damages, including any

profits derived from and attributable to the unauthorized use of their names or likenesses, or statutory damages between $2,500 and $10,000 as provided at OH ST § 2741.07(b), and (iv) an award for punitive damages, if warranted, and reasonable attorneys' fees, court costs, and other expenses associated with this action.

## PARTIES

7. Plaintiff James Bellanca is a citizen of the State of Ohio residing in Cleveland, Ohio.

8. Plaintiff William Bruce is also a citizen of the State of Ohio residing in Canton, Ohio.

9. Defendant GoLookUp is a Delaware limited liability company with its headquarters located in Wilmington, Delaware. For its online platform, GoLookUp seeks out and compiles names and other identifying information of Ohio citizens and uses that information to market its online platform to Ohio citizens and others without written consent.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2) (the "Class Action Fairness Act") because diversity of citizenship exists between the parties – Plaintiffs are citizens of Ohio and GoLookUp is a Delaware limited liability company with its headquarters located in Wilmington, Delaware. Further, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, with at least 100 or more potential class members based on the number of individuals identified in GoLookUp's platform and the damages available through ORPS. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

11. The Court has personal jurisdiction over GoLookUp because it sought out and

compiled the names and other identifying information of Plaintiffs and other Ohio citizens and used that information for marketing Ohio citizens and others without written consent. In so doing, GoLookUp committed the statutory violations and common law torts related to the matters complained of herein in this District.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## OHIO RIGHT OF PUBLICITY STATUTE

13. ORPS prohibits the use of "any aspect of an individual's persona for a commercial purpose … [without] written consent." OH ST § 2741.02.

14. ORPS defines "persona" as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value." OH ST § 2741.01(A). "Commercial purpose" is defined in pertinent part as "the use of or reference to an aspect of an individual's persona …. (2) For advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter." OH ST § 2741.01(B).

15. A person who violates ORPS is liable in a civil action for actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona or, at the election of the plaintiff and in lieu of actual damages, statutory damages in the amount of at least $2,500 and not more than $10,000, as determined in the discretion of the trier of fact. OH ST § 2741.07(A)(1)(a) and (b). ORPS further provides that punitive or exemplary damages may be rewarded and authorizes the issuance of injunctive relief where appropriate. OH ST § 2741.07(A)(1)(c) and (D)(3).

4

16. The remedies provided for in ORPS are not exclusive; rather, they are in addition to any other remedies provided for by state or federal statute or common law. OH ST § 2741.08.

## FACTUAL ALLEGATIONS

17. GoLookUp is a public data aggregator that gathers data from numerous sources.[1] With this data, GoLookUp provides an online platform, which is accessible at its website, www.golookup.com. The platform allows users to conduct advanced people searches through millions of records.

18. These searches reveal basic identifying information of an individual searched, such as that person's name, address, telephone number, marital status, and relatives.

19. The searches also include comprehensive background checks, which reveal such things as criminal records, unclaimed money issues, mugshots, and social information.

20. GoLookUp states that its searches "can help you find information about *all* people in the United States that are registered in one of its 50 states. All citizens of the United States can be subject to a background check that involves searching through their public records…" (emphasis added).

21. When a prospective customer visits GoLookUp's website, that customer can search for specific individuals by inputting their name and state of residence. After clicking "Search" on the platform, the prospective customer can refine the search query by providing the city of residence for the search subject. The platform then conducts the search.

22. Upon completion of the search, the prospective customer is presented with a results page, which contains a list of individual profiles that match the search query. Depending on the name and city and state searched, the list may just contain one profile.

---

[1] Information for GoLookUp found at its website, www.golookup.com, last visited on May 10, 2023.

5

23. The personal profiles, called reports, are displayed in the form of a "Free Preview." The Free Preview provides some information on the individual to help further identify him or her, including the person's full name, age, relatives, and location. Other information regarding the person, such as telephone number and full address, is blocked out.

24. The prospective customer has the option to select one of the Free Previews to generate a report. At this point, GoLookUp prompts the customer to enter his or her full name and email address. When that is complete, a report is generated showing the selected individual's full name, address, and names of people related to the selected individual. The report also indicates that a phone number and match for unclaimed money exists. However, neither of those are visible at this point.

25. When the prospective customer has reached this stage of the search, GoLookUp again prompts the customer, this time to activate his or her account. Activation of the account allows the customer to see the full report of the person searched. Additionally, activation allows the customer to view other full reports on the platform. Full reports not only include a phone number and matches for unclaimed money, but also a background report, which consists of police and court records, marriage and divorce records, criminal records, sex offender registry, social accounts and contact information, mugshots, and other information.

26. To activate an account, a prospective customer has a few options. The customer can enter into a monthly subscription for $22.83. A customer can also elect to save money by selecting a three-month membership for $52.38. Finally, a customer can select a five-day trial for $1. However, this trial will automatically convert to a $68.22 monthly subscription unless cancelled within the trial period. All three options provide the customer with unlimited access to 30 reports per month.

27. The Free Profiles on GoLookUp's platform provide enough information to identify an individual. As stated, a person can be identified through his or her name, location, and relatives. GoLookUp also offers the ability to search for individuals with reverse phone and address searches.

28. The purpose behind GoLookUp's Free Previews is singular: to advertise and convince prospective customers to enroll in and ultimately purchase its monthly subscription services, whereby the user can access and retrieve full reports on any individual searched on the platform. In other words, the use of the name and partial identifying information contained in the Free Previews is part of GoLookUp's overall effort to sell its monthly subscriptions.

29. While GoLookUp offers individuals the opportunity to opt out of its database, this is of little help since the vast majority of people are unaware that they are in the database in the first place. GoLookUp obtains its data from third parties rather than directly from individuals that appear in them. Thus, GoLookUp does not ask these individuals for their consent before including their information in the database or using this identity for commercial purposes.

**Facts relating to James Bellanca:**

30. In April 2023, Bellanca discovered that his identity was used in GoLookUp's platform. Indeed, Bellanca can confirm that when his name is searched for on GoLookUp's website, a Free Profile appears and when selected, shows his name, current address, and list of relatives.

31. Bellanca further confirms that when viewing his Free Profile, an offer to enter into a paid subscription for GoLookUp's platform appears. According to GoLookUp, the subscription will provide the user access to Bellanca's full background report, including his telephone number, social websites, criminal history, and other personal identifying information.

7

The subscription will also provide the user access to other profiles and full reports on the platform.

32. Potential customers availing themselves of GoLookUp's platform are able to view and, on information and belief, have viewed information on Bellanca in its Free Preview. Thus, Bellanca's identity has been used by GoLookUp to market its platform.

33. GoLookUp's purpose behind providing access to Bellanca's name and other identifying information as a Free Preview is, in part, to solicit the purchase of paid subscriptions, which would enable the user to obtain more personal information on Bellanca and other individuals searched for on the platform.

34. Bellanca has no relationship with GoLookUp; he neither utilizes the platform nor subscribes to it.

35. Bellanca did not give consent, written or otherwise, to GoLookUp to use his name, likeness, personal information, or identity in any way. Nor did Bellanca provide GoLookUp with written consent to use his identity for commercial purposes. Had GoLookUp requested his consent, Bellanca would not have provided it.

36. Bellanca does not know how GoLookUp obtained his name and identifying information. On information and belief, GoLookUp compiled his information from online sources, including his social media accounts and public records.

37. GoLookUp did not obtain written consent from Bellanca prior to compiling his personal information to create a report on him for its platform. GoLookUp also did not obtain prior written permission to use a Free Preview of that report, which includes his name and other identifying information, to advertise paid subscriptions for its platform. On information and

8

belief, GoLookUp did not obtain written permission from any sources from which it compiled Bellanca's personal identifying information.

38. Bellanca has intellectual property and privacy interests in his name, likeness, and persona as recognized by Ohio statutory and common law. Bellanca has the right to exclude anyone from using his name, likeness, and persona for commercial purposes without his written permission.

39. GoLookUp injured Bellanca by using his name, likeness, and persona for its own commercial purposes without compensation or permission and potentially subjecting him to harassing and uninvited marketing and sales communications.

**Facts relating to William Bruce:**

40. In April 2023, Bruce discovered that his identity was used in GoLookUp's platform. Indeed, Bruce can confirm that when his name is searched for on GoLookUp's website, a Free Profile appears and when selected, shows his name, current address, and list of relatives.

41. Bruce further confirms that when viewing his Free Profile, an offer to enter into a paid subscription for GoLookUp's platform appears. According to GoLookUp, the subscription will provide the user access to Bruce's full background report, including his contact information, social websites, criminal history, and other personal identifying information. The subscription will also provide the user access to other profiles and full reports on the platform.

42. Potential customers availing themselves of GoLookUp's platform are able to view and, on information and belief, have viewed information on Bruce in its Free Preview. Thus, Bruce's identity has been used by GoLookUp to market its platform.

43. GoLookUp's purpose behind providing access to Bruce's name and other

9

identifying information as a Free Preview is, in part, to solicit the purchase of paid subscriptions, which would enable the user to obtain more personal information on Bruce and other individuals searched for on the platform.

44. Bruce has no relationship with GoLookUp; he neither utilizes the platform nor subscribes to it.

45. Bruce did not give consent, written or otherwise, to GoLookUp to use his name, likeness, personal information, or identity in any way. Nor did Bruce provide GoLookUp with written consent to use his identity for commercial purposes. Had GoLookUp requested his consent, Bruce would not have provided it.

46. Bruce does not know how GoLookUp obtained his name and identifying information. On information and belief, GoLookUp compiled his information from online sources, including his social media accounts and public records.

47. GoLookUp did not obtain written consent from Bruce prior to compiling his personal information to create a report on him for its platform. GoLookUp also did not obtain prior written permission to use a Free Preview of that report, which includes his name and other identifying information, to advertise paid subscriptions for its platform. On information and belief, GoLookUp did not obtain written permission from any sources from which it compiled Bruce's personal identifying information.

48. Bruce has intellectual property and privacy interests in his name, likeness, and persona as recognized by Ohio statutory and common law. Bruce has the right to exclude anyone from using his name, likeness, and persona for commercial purposes without his written permission.

49. GoLookUp injured Bruce by using his name, likeness, and persona for its own

10

commercial purposes without compensation or permission and potentially subjecting him to harassing and uninvited marketing and sales communications

## CLASS ALLEGATIONS

50. Pursuant to Federal Rules of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiffs bring this class action on behalf of themselves and the following class:

> All current and former Ohio residents who are not subscribers to GoLookUp's platform and whose name and/or identity are used to market paid subscriptions for GoLookUp's platform.

Excluded from the class are GoLookUp, its members, managers, and employees, and members of the Ohio judiciary. Plaintiffs reserve the right to amend the Class definition upon completion of class discovery when the contours and the parameters of the class become more apparent.

51. **Class Size (Fed. R. Civ. P. 23(a)(1)):** On information and belief, the members of the class are so numerous that joinder of all members is impractical. Based on the investigation by their counsel and representations made by GoLookUp on its website, Plaintiffs reasonably believe that the class comprises of thousands of current and former Ohio citizens whose profiles are compiled and maintained in GoLookUp's database and searchable on its platform. The exact number of persons in the class can be determined from records maintained by GoLookUp, but certainly exceeds 100.

52. **Commonality (Fed. R. Civ. P. 23(a)(2):** There are many questions of law and fact that exist as to Plaintiffs and members of the class, and those questions substantially predominate over any questions that may affect individual Class members. Common questions of fact and law include, but are not limited to:

(a) whether GoLookUp uses Plaintiffs' and Class Members' names and identities in

11

advertisements for its own commercial benefit;

(b) whether GoLookUp obtained written consent from Plaintiffs and the Class prior to using their names and identities in advertisements promoting its platform as required by OH ST § 2741.02;

(c) whether the conduct described herein constitutes a violation of ORPS and Ohio common law;

(d) whether Plaintiffs and the Class are entitled to punitive or exemplary damages for GoLookUp's commercial use of their names, likenesses, and personas; and

(e) whether Plaintiffs and Class Members are entitled to declaratory, injunctive, and monetary relief as requested.

53. **Typicality (Fed. R. Civ. P. 23(a)(3)):** Plaintiffs' claims are typical of the claims of the members of the Class. GoLookUp's misuse of Plaintiffs' and Class Members' names, likenesses, and personas is the same for each.

54. **Fair and Adequate Representation (Fed. R. Civ. P. 23(a)(4)):** Plaintiffs will fairly and adequately protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in class action litigation in state and federal courts nationwide and Plaintiffs have no interest adverse to any member of the Class. Plaintiffs intend to prosecute this case vigorously on behalf of themselves and the Class.

55. **Injunctive and/or Declaratory Relief (Fed. R. Civ. P. 23(b)(2)):** As demonstrated above, GoLookUp has acted on grounds generally applicable to the proposed class such that final injunctive relief, as contemplated by OH ST § 2741.07(D)(3), is appropriate with respect to the Class as a whole.

56. **Predominance and Superiority (Fed. R. Civ. P. 23(b)(3)):** Common questions

of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

 (a) Proof of liability on Plaintiffs' claims will also prove liability for the claims of the Class without the need for separate or individualized proceedings;

 (b) Evidence regarding defenses or any exceptions to liability that GoLookUp may assert and attempt to prove will come from GoLookUp's records and will not require individualized or separate inquiries or proceedings;

 (c) GoLookUp has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

 (d) The injury suffered by each Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against GoLookUp economically feasible. Even if Class Members could afford individual litigation, those actions would put immeasurable strain on the court system. A class action, on the other hand, will permit a large number of claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

 (e) This case is inherently manageable as a class action in that:

  (i) GoLookUp's records will enable Plaintiffs to readily identify class members and establish liability and damages;

  (ii) Liability and damages can be established for Plaintiffs and the Class with the same common proofs;

  (iii) A class action will result in an orderly and expeditious administration of claims and will foster economies of time, effort, and expense;

(iv)     A class action will contribute to uniformity of decisions concerning GoLookUp's practices; and

(v)     As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## COUNT I
## Violation of ORPS, Ohio Revised Code § 2741.01, *et seq.*

57.     Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

58.     As stated, ORPS prohibits the use of an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance for commercial purposes without prior written consent. OH ST § 2741.02.

59.     By engaging in the foregoing acts and omissions, GoLookUp used Plaintiffs' and Class Members' names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances for commercial purposes without first obtaining written consent.

60.     Under ORPS, GoLookUp is liable for either actual damages, including any profits derived from and attributable to the unauthorized use of an individual's persona or statutory damages in the amount of at least $2,500 and not more than $10,000, as determined in the discretion of the trier of fact. OH ST § 2741.07(A)(1)(a) and (b). Plaintiffs may also be entitled to punitive or exemplary damages and injunctive relief. OH ST § 2741.07(A)(1)(c) and (D)(3).

61.     As a result of GoLookUp's violations of ORPS, Plaintiffs and the Class have suffered injury to their privacy rights and economic damages. Plaintiffs and Class Members have been denied the commercial value of their names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances, which GoLookUp used without permission from or

compensation to Plaintiffs and the Class. Plaintiffs and Class Members were denied their statutorily protected right to control how their names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances are used and suffered economic damages based on that misuse.

62. Plaintiffs, on behalf of the Class, seek: statutory damages for GoLookUp's violations of ORPS, or alternatively, actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' names, voices, signatures, photographs, images, likenesses, and/or distinctive appearances; punitive or exemplary damages, if warranted; prejudgment interest; injunctive and declaratory relief; and an award of reasonable attorneys' fees, court costs, and other expenses associated with this action.

## COUNT II
### Ohio Common Law Tort of Appropriation of Name or Likeness

63. Plaintiffs incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

64. Ohio common law recognizes the tort of appropriation of name or likeness. The tort creates a cause of action for the appropriation of a name or likeness by a defendant for the defendant's own use or benefit. *James*, 167 Ohio App. 3d at 342 (citing *Zacchini*, 47 Ohio St. 2d at 229-30).

65. By engaging in the foregoing acts and omissions, GoLookUp appropriated the names and likenesses of Plaintiffs and Class Members for its own commercial benefit.

66. Pursuant to Ohio common law, Plaintiffs, on behalf of themselves and the Class, seek monetary recovery in the amount of the commercial benefit GoLookUp derived from its misuses of their names and likenesses as well as the entry of an injunction prohibiting further misuse.

WHEREFORE, Plaintiffs, James Bellanca and William Bruce, individually and on behalf of all other similarly-situated individuals, demand judgment in their favor and against Defendant Lucky2Media, LLC d/b/a GoLookUp as follows:

A. Certifying this case as a Class Action and appointing Plaintiffs and their attorneys as class representatives and class counsel, respectively;

B. Declaring that GoLookUp's actions, as described herein, violate ORPS and Ohio common law;

C. Awarding statutory damages to Plaintiffs and the Class for violating ORPS and/or actual damages and profits derived from the unauthorized use of Plaintiffs' and Class Members' names, likenesses, and personas, plus prejudgment interest;

D. Enjoining GoLookUp from committing further misuse of Plaintiffs' and the Class's names, likenesses, and personas;

E. Awarding Plaintiffs reasonable attorneys' fees, court costs, and other expenses associated with this action as provide by ORPS; and

F. Awarding such other and further relief as this Court deems appropriate and just.

James Bellanca and William Bruce, individually and as representatives of a class of similarly-situated persons

By: s/ Ryan M. Kelly
One of their attorneys

Ryan M. Kelly
ANDERSON + WANCA
3701 W. Algonquin Rd. Ste 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
rkelly@andersonwanca.com